UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLEEN S. DAHLSTEDT, <br><br> Plaintiff, <br><br> v. <br><br> NORTHWEST TRUSTEE SERVICES, INC., et al., <br><br> Defendants. | Case No. 08-1220-RSM-JPD <br><br> REPORT AND RECOMMENDATION |

Plaintiff Carleen S. Dahlstedt, proceeding *pro se*, has brought a civil lawsuit against defendants Northwest Trustee Services, Inc., Chris Ashcroft, DLJ Mortgage Capital, Inc., Credit Suisse Financial Corporation, Select Portfolio Services, Inc., the State of Washington, and what plaintiff calls the "Fictitious Foreign State." Dkt. Nos. 1-2, 1-4. The complaint is incomprehensible. The present matter has been referred to the undersigned Magistrate Judge for review and ruling on plaintiff's application to proceed *in forma pauperis* ("IFP"), which the plaintiff has filed with no answers. Dkt. No. 1-1. But there are other, much larger problems with this case. After careful consideration of plaintiff's IFP application, proposed complaint, supporting materials, the governing law and the balance of the record, the Court recommends that her complaint be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). As a result, plaintiff's IFP application should be DENIED as moot.

REPORT AND RECOMMENDATION
PAGE - 1

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court must dismiss a complaint if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who enjoys immunity from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The U.S. Supreme Court has also held that courts may dismiss IFP complaints *sua sponte* without notice if the claim is based on an "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The fact that plaintiff is not a prisoner does not change this analysis. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

Here, plaintiff's IFP application is blank. She has also filed an incomprehensible complaint. It is a four-page document replete with references to religious figures, the Bill of Rights, isolated federal statutes, the Federal Rules of Civil Procedure, the Internal Revenue Code, the common law of England, and *Corpus Juris Secundum*. *See* Dkt. Nos. 1-2, 1-4. The proposed complaint sets forth a string of rambling statements that fail to allege sufficient facts to place the defendants on notice of the nature of her claims, to allow the defendants to answer or meaningfully respond to those claims, or to otherwise provide any basis for jurisdiction in this Court. *See* Fed. R. Civ. P. 8(a). Indeed, it is unclear who exactly plaintiff is trying to sue. She at times refers to herself as the defendant, at other times the plaintiff, and lists Washington and the "Fictitious Foreign State" as the opposing parties in her proposed complaint, Dkt. No. 1-2, but also lists Northwest Trustee Services, Inc., Chris Ashcroft, DLJ Mortgage Capital, Inc., Credit Suisse Financial Corporation, Select Portfolio Services, Inc. as defendants in a

related document she has titled "Praecipe," Dkt. No. 1-4.[1] Because this action appears frivolous, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

The Court advises plaintiff of her responsibility to research the facts and law before filing a complaint in order to determine whether her claim for relief is frivolous. If plaintiff files another frivolous action, she may be sanctioned. *See* Fed. R. Civ. P. 11. The Court would likely impose a sanction of dismissal on any frivolous complaint. If plaintiff files numerous frivolous or malicious complaints, the Court may bar her from proceeding in this court as a vexatious litigant.[2] *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing vexatious litigant bar order requirements).

Because of the extreme deficiencies in plaintiff's complaint, this case should be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). As a result, plaintiff's IFP application should be DENIED as moot. A proposed Order of Dismissal accompanies this Report and Recommendation. If plaintiff believes that the deficiencies outlined herein can be cured by an amendment to her complaint, she should lodge an amended complaint as a part of her objections, if any, to this Report and Recommendation.

DATED this 4th day of September, 2008.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

---

[1] A praecipe is a written motion or request seeking some court action, especially a trial setting or an entry of judgment. BLACK'S LAW DICT. (7th ed. 2000).

[2] Indeed, plaintiff has already filed two other complaints that are nearly identical to the instant complaint. *See* Case Nos. C08-1178 and C08-1227.

REPORT AND RECOMMENDATION
PAGE - 3